No. 04-141

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 71

BONNIE M. COMBS-DeMAIO LIVING TRUST,

        Plaintiff and Appellant,

    v.

KILBY BUTTE COLONY, INC., Corporation,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and for the County of Musselshell, Cause No. DV 2003-06
The Honorable Richard A. Simonton, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        James A. Patten, Patten Peterman Bekkedahl & Green, Billings, Montana

    For Respondent:

        James L. Stogsdill, Stogsdill Law Office, Lewistown, Montana

Submitted on Briefs:  September 14, 2004

Decided:  March 22, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Bonnie M. Combs-DeMaio Living Trust (Trust) appeals from a judgment of the Fourteenth Judicial District Court concluding Trust failed to prove the existence of a prescriptive easement over land owned by Kilby Butte Colony, Inc. (Colony). We affirm.

¶2 We restate the issues on appeal as follows:

¶3 1. Did the District Court err in finding a prescriptive easement was not established?

¶4 2. Did the District Court err in finding any prescriptive easement that may have existed was extinguished?

## BACKGROUND

¶5 The facts in this case are lengthy and controverted. We recite here only those facts necessary to an understanding of our decision. Trust owns certain real property east of Roundup, Montana, described as the South ½ of Section 8, Township 8 North, Range 27 East, P.M.M., Musselshell County, hereinafter referred to as the "Trust Property." Colony owns real property immediately to the north of the Trust Property, described as the North ½ of said Section 8, hereinafter referred to as the "Colony Property." Autumn Road runs along the northern edge of the Colony Property. A roadway exists on the Colony Property connecting the Trust Property to Autumn Road, hereinafter referred to as the "disputed easement."

¶6 The Colony Property has been owned by various people over the years: from 1945 to 1953, it was owned by Claude Daugherty; from 1953 to 1978, it was owned by Rudolph Steffans or the Steffans Ranch Company; from 1978 to 1992, it was owned by Kenneth

Minnie, and from 1992 to the present, it has been owned by Colony. The Trust Property has been owned by Trust since February 11, 1998. Prior to that, it was owned by the Thompson family. The Trust Property has been leased by various people over the years: from 1945 to 1966 by Dillard Lee (Lee), from 1966 to 1984 by Joe Steffans, and from 1984 to 1998 by Rodger Bender. Victor DeMaio (DeMaio), Bonnie M. Combs-DeMaio's husband, owns Section 7, which is immediately west of Section 8.

¶7 Witnesses testified Lee used the disputed easement to drive his horse-drawn wagon to town and back and that his children used the road to walk to the school bus stop on Autumn Road in the 1950's and 1960's. Evidence regarding the use of the disputed easement since that time was conflicting. There was evidence that since the early 1980's, the road has been blocked off at times. There was evidence the disputed easement had a gate with conflicting testimony regarding whether it was locked. There was evidence Colony blocked passage over the disputed easement at different times. DeMaio testified that he and his family have used the disputed easement since 1996 without restriction. However, two witnesses who live near the disputed easement said they never observed DeMaio using it as he wished. Further, there was evidence DeMaio went before the Musselshell County Commissioners in 2002 and admitted he did not have access to the Colony Property. Evidence regarding whether use of the disputed easement was permissive was also conflicting.

¶8 Trust filed this lawsuit January 23, 2003, seeking recognition of the disputed easement as a valid prescriptive easement across Colony's land. The case was tried, without

3

a jury, on August 7 and 8, 2003. The District Court issued its Findings of Fact, Conclusions of Law, and Judgment on December 30, 2003, holding Plaintiff did not meet its burden of proving the existence of a prescriptive easement. It is from these findings, conclusions, and judgment that Trust appeals.

## STANDARD OF REVIEW

¶9 We review a district court's findings of fact to ascertain whether they are clearly erroneous, *Gelderloos v. Duke*, 2004 MT 94, ¶ 22, 321 Mont. 1, ¶ 22, 88 P.3d 814, ¶ 22 (citation omitted). The district court is in a better position to observe the witnesses and judge their credibility than this Court. *Wareing v. Schreckendgust* (1996), 280 Mont. 196, 210, 930 P.2d 37, 45 (citation omitted). Therefore, "we will not second guess the district court's determination regarding the strength and weight of conflicting testimony." *Wareing*, 280 Mont. at 210, 930 P.2d at 45-46 (citing *Double AA Corp. v. Newland & Co.* (1995), 273 Mont. 486, 494, 905 P.2d 138, 142). A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. *Gelderloos*, ¶ 22 (citation omitted). Moreover, we review a district court's findings to determine whether substantial evidence supports those findings, not contrary findings. *Rafanelli v. Dale* (Mont. 1996), 278 Mont. 28, 37, 924 P.2d 242, 248. The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Gelderloos*, ¶ 22 (citation omitted).

## DISCUSSION

4

¶10     Did the District Court err in finding a prescriptive easement was not established?

¶11     Trust argues Lee established a prescriptive easement in the 1950's and 1960's by using the disputed easement once a week to drive his horse-drawn wagon to town and back, and by his children's use of the road to walk to the school bus stop on Autumn Road. Trust points to maps and aerial photos of the area taken in 1950 and 1979, allegedly showing the only practical way to access the dominant estate from any public road was via the disputed easement. Trust asserts that despite the fact Lee was a tenant, and not the owner of the estate, his actions still inure to the benefit of Trust, since he is considered a predecessor in title to Trust. Trust further claims it met its burden in establishing Lee's use of the disputed easement was open, notorious, continuous, uninterrupted, and exclusive and that a presumption arises that the use was also adverse to the servient estate. Trust argues that the burden shifted to Colony to show the use was permissive, which Trust claims Colony did not do. Trust also faults the District Court for not making a specific determination in regard to whether or not Lee's use established a prescriptive easement. Trust asserts this renders the District Court's findings clearly erroneous.

¶12     Colony argues Trust did not establish the elements of a prescriptive easement by clear and convincing evidence. Specifically, Colony asserts the evidence offered by Trust showed only quiet and unassertive use of the disputed easement, not open and notorious use, and that the scant evidence offered did not demonstrate a use that was continuous and uninterrupted. Colony argues any use of the road by Lee in the 1950's and 1960's was not adverse, but

rather, was the result of neighborly accommodation or familial relations, which cannot ripen into a prescriptive easement.

¶13    The party seeking to establish a prescriptive easement must show open, notorious, exclusive, adverse, continuous, and uninterrupted use of the easement for the full statutory period by clear and convincing evidence. *Brimstone Mining, Inc. v. Glaus*, 2003 MT 236, ¶ 21, 317 Mont. 236, ¶ 21, 77 P.3d 175, ¶ 21 (citing *Wareing*, 280 Mont. at 206, 930 P.2d at 43). If a claimant establishes the elements of open, notorious, continuous, uninterrupted, and exclusive use of an easement, a presumption arises that the use is adverse to the servient estate and the burden then shifts to the owner to show the use was permissive. *Brimstone Mining*, ¶ 21 (citing *Wareing*, 280 Mont. at 209, 930 P.2d at 45).

¶14    Open and notorious use is a distinct and positive assertion of a right hostile to the rights of the owner and brought to the attention of the owner. *Lemont Land Corp. v. Rogers* (1997), 269 Mont. 180, 183, 887 P.2d 724, 726-27. Such use gives the owner of the servient estate actual knowledge of the hostile claim, or is of such character as to raise a presumption of notice because it is so obvious the owner could not be deceived. *Mildenberger v. Galbraith* (1991), 249 Mont. 161, 167, 815 P.2d 130, 134-35. Exclusive use means that the right of the easement claimant must rest upon its own foundation, and not depend upon a like right in any other person. *Lemont*, 269 Mont. at 183, 887 P.2d at 727 (citation omitted). Continuous and uninterrupted denotes use not interrupted by an act of the owner of the land or by voluntary abandonment by the party claiming the right. *Hitshew v. Butte/Silver Bow County*, 1999 MT 26, ¶ 17, 293 Mont. 212, ¶ 17, 974 P.2d 650, ¶ 17. Adverse use is

6

exercised under a claim of right--not as a license revocable at the pleasure of the servient estate. *Public Lands Access Assn. v. Boone & Crockett Club Found.* (1993), 259 Mont. 279, 283, 856 P.2d 525, 527. Such a claim must be known to, and acquiesced in, by the owners of the land. *Lemont*, 269 Mont. at 185, 887 P.2d at 727. In 1953, the statutory period of use required was ten years; after 1953 and to the present, the statutory period is five years. Section 70-19-401, MCA.

¶15 Trust's burden at trial was to prove the elements of prescription by clear and convincing evidence. As noted by the District Court, "[o]nce a week usage to go to town with a horse and wagon or to take children to the school bus, without more, is not clear and convincing evidence." Further, there was evidence that alternate routes of access to the Trust Property existed at the time Lee occupied the property.

¶16 We will uphold a district court's findings where there is substantial evidence to support them, and even if there is also evidence supporting contrary findings. *Rettig v. Kallevig* (1997), 282 Mont. 189, 192-93, 936 P.2d 807, 809 (citation omitted). After a review of the record, we conclude that, although there was conflicting evidence, substantial evidence supports the District Court's Findings of Fact, and such findings are not clearly erroneous. Therefore, the District Court did not err when it concluded there was insufficient evidence to establish the elements of a prescriptive easement in the 1950's or 1960's by clear and convincing evidence. Moreover, the District Court's Conclusions of Law are correct.

¶17 Finally, we note that Trust never directly asserts on appeal that after Lee's death, actions of subsequent owners of the Trust Property were sufficient to establish a prescriptive

7

easement in their own right, nor does it fault the District Court for not addressing such an issue. Because this Court will not develop issues on appeal or formulate arguments for the parties, *Johansen v. Department of Natural Resources & Conservation*, 1998 MT 51, ¶ 24, 288 Mont. 39, ¶ 24, 955 P.2d 653, ¶ 24, we decline to address this issue further.

## ISSUE 2

¶18 Did the District Court err in finding any prescriptive easement that may have existed was extinguished?

¶19 Trust argues that the prescriptive easement established by Lee was never extinguished because Colony failed to prove the statutory criteria listed in § 70-17-111, MCA. Trust's argument assumes Lee's use of the road in the 1950's and 1960's established a valid prescriptive easement. However, since we have already affirmed the District Court's conclusion that Trust did not prove Lee's use of the road established a prescriptive easement in the 1950's and 1960's by clear and convincing evidence, it is unnecessary for us to reach this issue.

¶20 We therefore affirm.

/S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE