No. 05-629

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 250N

CHRISTIAN THUESON, DAVID TUSS,
MITCH CARROLL and MICHAEL BUCHANAN,

       Plaintiffs and Respondents,

  v.

KEITH AND MARIE SWINGER,

       Defendants and Appellants.

APPEAL FROM:    The District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV 2004-1084,
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

           Keith and Marie Swinger (pro se), Missoula, Montana

       For Respondent:

           Teresa Thompson, ASUM Legal Services, Missoula, Montana

Submitted on Briefs:  June 21, 2006

Decided:   October 3, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Christian Thueson, David Tuss, Mitch Carroll and Michael Buchanan (hereinafter Tenants) entered into a one-year lease agreement with Keith and Marie Swinger (hereinafter Landlords) on June 15, 2003. Tenants rented an apartment for $940.00 per month and paid a $900.00 security deposit. On November 18, 2003, the City of Missoula posted a notice and order directing all tenants to vacate the building because of dangerous conditions that rendered it uninhabitable. Tenants vacated on November 23, within the five days allowed by the City. However, as a result of their move, they incurred moving expenses and their new rent was $260.00 per month greater than their rent at Landlords' apartment.

¶3 Upon formal termination of the lease, Tenants sought repayment of their security deposit and a refund of seven days rent, representing the seven days of November (November 24-30) that they did not live in the apartment. Landlords repaid $830.00, but withheld the balance, claiming fees for cleaning and unreturned keys. Tenants filed this action on November 10, 2004, alleging that, among other things, Landlords failed to provide essential services and breached the warranty of habitability. The District Court agreed and on August 9, 2005, awarded Tenants: 1) approximately $220.00 for the seven

2

days rent for November 24-30; 2) $1,820.00, representing the $260.00 per month difference in rent Tenants were forced to pay for the remainder of the lease term; 3) $470.00 for prorated rent for June 2003; 4) $70.00 as the balance of the security deposit; 5) $1,500.00 for Landlords' deceptive and unfair practices; and 6) reasonable attorney fees and costs. Landlords appeal. We affirm.

¶4     We conclude the dispositive issue on appeal is whether the District Court's findings of fact were supported by substantial evidence and whether its conclusions of law were legally correct.

¶5     We review a district court's findings of fact to determine whether they are clearly erroneous. A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. We review a district court's conclusion of law to determine whether the court's interpretation of the law is correct. *Hallenberg v. General Mills Operations, Inc.*, 2006 MT 191, ¶ 16, 333 Mont. 143, ¶ 16, 141 P.3d 1216, ¶ 16 (internal citations omitted).

¶6     We note that the Landlords disputed much of Tenants' testimony. However, it is not our role to weigh conflicting evidence or determine the strength of such conflicting testimony. As we have held on numerous occasions, the district court is in a better position to observe the witnesses and judge their credibility than this Court. Therefore, "we will not second guess the district court's determination regarding the strength and weight of conflicting testimony." *Bonnie M. Combs-Demaio Liv. Trust v. Colony*, 2005 MT 71, ¶ 9, 326 Mont. 334, ¶ 9, 109 P.3d 252, ¶ 9 (internal citations omitted). Moreover,

we review a district court's findings to determine whether substantial evidence supports those findings, not contrary findings. *Denton v. First Interstate Bank of Commerce*, 2006 MT 193, ¶ 43, 333 Mont. 169, ¶ 43, ___ P.3d ___, ¶ 43 (internal citations omitted).

¶7 It is appropriate to decide this case pursuant to Section 1, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit. The record shows that substantial evidence was presented to the District Court to support its factual findings. Additionally, these findings support the District Court's conclusions that Landlords: 1) breached their duty to provide rental premises to Tenants for the entire month of November 2003; 2) breached their duty to provide fit and habitable housing, as required by the Montana Residential Landlord and Tenant Act (RLTA), §§ 70-24-101 through -442, MCA; 3) breached their contractual agreement to provide housing for one year; 4) breached their obligation to perform their duties as landlords in good faith under the RLTA; 5) wrongfully withheld a portion of the security deposit; and 6) acted in a manner that violated the Consumer Protection Act, §§ 30-14-101 through -143, MCA.

¶8 As the District Court's findings are supported by the evidence and its conclusions of law were correctly entered, we affirm.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE

4

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS