No. DA 06-0018

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 314

SCOTT SLAUSON,

        Plaintiff and Appellant,

    v.

BERTELSEN FAMILY TRUST,
NEIL BERTELSEN and PHYLLIS A.
BERTELSEN, Trustees,

        Defendants and Respondents.

APPEAL FROM:    The District Court of the Nineteenth Judicial District,
               In and For the County of Lincoln, Cause No. DV 04-137,
               Honorable Michael C. Prezeau, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

               Amy N. Guth, Attorney at Law, Libby, Montana

        For Respondents:

               William A. Douglas, Douglas Law Firm, P.C., Libby, Montana

                       Submitted on Briefs:  September 20, 2006

                                  Decided:   December 5, 2006

Filed:

_____
                          Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1    This case involves a dispute between adjoining landowners: Scott Slauson, the plaintiff and appellant, and the Bertelsen Family Trust, Neil Bertelsen and Phyllis A. Bertelsen, the trustees of the family trust, the defendants and respondents, referred to herein as Bertelsen.  Slauson, on December 29, 2004, filed a complaint alleging that certain fixtures and a driveway/parking lot, used by Bertelsen's lessee, Amerigas, encroached upon his property.  The District Court conducted a non-jury trial on November 8, 2005.  In its findings of fact and conclusions of law, the court found that Bertelsen had acquired a prescriptive easement.  Slauson then filed this appeal.  We affirm.

¶2    We restate the issue as follows:

¶3    Did the District Court err in concluding that Bertelsen established a prescriptive easement?

## BACKGROUND

¶4    Bertelsen owns two lots on the southeastern outskirts of Libby, Montana.  When Bertelsen purchased the lots, the western boundary of the lots was a county road which, in 1971, was formally abandoned by Lincoln County.  When the county road was abandoned, all that separated Bertelsen's property from U.S. Highway 2 was a pie-shaped sliver of land, the land at issue here, on which the Montana Department of Transportation (MDOT) held an easement but which was otherwise undeveloped.  Since 1987, Bertelsen has leased his two lots to Amerigas, a company which sells propane.  Amerigas has since

2

constructed or placed a number of improvements on the pie-shaped property at issue here, including a septic drain field and a control meter.

¶5　　In October 2002, Slauson purchased a lot located southeast of Bertelsen's property, fronting Highway 2. While researching the purchase of his new property, Slauson noticed that the land immediately northwest of his original property, the pie-shaped property at issue here, did not appear to be a part of Bertelsen's property. This pie-shaped property forms a long narrow triangle, the base of which runs 74 feet and borders Slauson's original property, and one side of which runs 159 feet adjacent to Highway 2.

¶6　　Slauson researched the ownership of the pie-shaped property and discovered that the property technically belonged to Alma Edwards, who owned a large tract of land located across Highway 2. The pie-shaped property, however, had never been separately identified by deed, Edwards was not aware that she owned it, and the pie-shaped property was not on the Lincoln County tax roles. Apparently, when Highway 2 was constructed, this pie-shaped property was split off from Edwards's larger tract west of the highway. Slauson contacted Edwards and showed her the pie-shaped property. She was surprised to learn she owned it, and expressed concern about paying extra property taxes. In order to avoid the possibility of a property tax liability, she agreed to transfer the pie-shaped property to Slauson for free. Slauson had a deed prepared which Edwards signed in July, 2003. Although the deed makes no reference to the portion of the pie-shaped property encompassed by the abandoned county roadway, the District Court found that, because half of the county roadway ceded to Edwards when the road was abandoned, Edwards

3

intended to transfer her half to Slauson in the 2003 deed, along with the rest of the pie-shaped property. Neither Bertelsen nor Slauson challenge the court's conclusion on appeal.

¶7 Slauson had the pie-shaped land surveyed, and the survey showed that Amerigas was using what was now Slauson's property for its customers to access the Amerigas office and to park. In addition, the survey showed that several of the improvements which Amerigas had constructed, including a portion of two chain link fences and a "control box unit" protected by three concrete posts, were encroaching on the property which Slauson had acquired from Edwards. Amerigas's septic drain field also encroached on the property at the time, but has since been relocated.

¶8 Slauson contacted MDOT, which agreed to discharge its easement on the pie-shaped property, and he contacted the Lincoln County Clerk and Recorder's Office and placed the property back on the tax roles. Slauson then approached Amerigas and Bertelsen and offered to lease the pie-shaped property to Bertelsen. Bertelsen asserted his right to continued use of the property and Slauson filed suit to enforce his property rights and recover compensation and damages from Bertelsen. Bertelsen argued that he had acquired the property through adverse possession, or that he had acquired a prescriptive easement allowing Amerigas to use the property.

¶9 The District Court, at the conclusion of a non-jury trial, found that, because there was insufficient evidence that Bertelsen had paid taxes on the pie-shaped property as required by § 70-19-411, MCA, Bertelsen did not acquire the property through adverse possession. However, the court did find that Bertelsen, and his lessee, Amerigas, had

4

established a prescriptive easement to maintain the improvements and to transact Amerigas's business on the pie-shaped property.

## STANDARD OF REVIEW

¶10    We review a district court's findings of fact to ascertain whether they are clearly erroneous. *Gelderloos v. Duke*, 2004 MT 94, ¶ 22, 321 Mont. 1, ¶ 22, 88 P.3d 814, ¶ 22 (citations omitted).  A finding is clearly erroneous if it is not supported by substantial evidence, if the trial court misapprehended the effect of the evidence, or if our review of the record convinces us that a mistake has been committed. *Gelderloos*, ¶ 22 (citations omitted).  The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. *Gelderloos*, ¶ 22 (citations omitted).

## DISCUSSION

¶11    **Did the District Court err in concluding that Bertelsen established a prescriptive easement?**

¶12    A. *Was Bertelsen's use open and notorious and adverse*?

¶13    Slauson claims that Bertelsen's use of the pie-shaped property was not open and notorious because the ownership of the property was unclear and Edwards, the original owner, did not know she owned the property.  Slauson also argues that Bertelsen's use was not adverse because at all times he sought and received permission from MDOT to use the property.

¶14    The party seeking to establish a prescriptive easement must show open, notorious, exclusive, continuous, uninterrupted and adverse use of the easement for the statutory period of five years. *Combs-DeMaio Living Trust v. Kilby Butte Colony, Inc.*, 2005 MT

5

71, ¶ 13, 326 Mont. 334, ¶ 13, 109 P.3d 252, ¶ 13 (citations omitted); § 70-19-401, MCA. Slauson only questions whether the use was open and notorious and adverse.

¶15    Slauson is correct that for a use to be open and notorious the owner must have knowledge of the use. However, the requisite knowledge may be actual or constructive. What is required is that the use "give[] the owner of the servient estate actual knowledge of the hostile claim, *or* is of such character as to raise a presumption of notice because it is so obvious the owner could not be deceived." *Combs-DeMaio*, ¶ 14 (citations omitted) (emphasis added). Here, Amerigas, Bertelsen's lessee, used the property for public access and as a parking lot for Amerigas's office, providing Edwards, the previous owner, with notice of use.

¶16    To be adverse, the use of property must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owner of the land; such claim must be known to, and acquiesced in by, the owners of the land. *Lemont Land Corp. v. Rogers*, 269 Mont. 180, 185, 887 P.2d 724, 727 (1994) (citations omitted). After a claimant has established the preliminary requirements for a prescriptive right, a presumption of adverse use arises and the burden shifts to the owner of the land on which the prescriptive easement is claimed to establish permissive use or license. *Lemont Land Corp.*, 269 Mont. at 185, 887 P.2d at 727-28 (citations omitted).

¶17    Here, as stated above, Bertelsen has proven open, notorious, exclusive, continuous and uninterrupted use of the pie-shaped property for the requisite five-year period. Bertelsen is thus entitled to the presumption of adverse use. To overcome this presumption, Slauson must prove that Bertelsen's use was permissive. Slauson contends

6

that Bertelsen's use was permissive because Bertelsen sought and received permission to use the property from MDOT, which held a highway easement on the pie-shaped property until 2003, when MDOT discharged the easement at Slauson's request.

¶18	Slauson's argument fails because permission must be granted by the *owner* of the property, here Edwards, not MDOT who was merely an easement holder. Further, Bertelsen was not required to notify Edwards that his use of the pie-shaped property was adverse. Bertelsen's acts alone, which were inconsistent with Edwards's title, were sufficient to constitute notice. *Lemont Land Corp.*, 269 Mont. at 185, 887 P.2d at 728 (citations omitted).

¶19	Bertelsen thus established the elements necessary to acquire a prescriptive easement of the pie-shaped property now owned by Slauson, including that the use was open and notorious and adverse.

¶20	B. *Did Bertelsen's use rise to the level of a possessory interest so that Bertelsen was required to prove all the elements of adverse possession?*

¶21	Slauson also contends that, even if all the prescriptive easement requirements were met, Bertelsen's claim must fail because his use of the property was so extensive that it amounted to possession and thus Bertelsen had the burden of proving all the elements of adverse possession, including payment of taxes, as opposed to merely proving the elements of prescriptive easement. Citing *Burlingame v. Marjerrison*, 204 Mont. 464, 665 P.2d 1136 (1983), Slauson claims he will be left with an "empty fee title" if a prescriptive easement is granted.

7

¶22    Slauson failed to make this argument before the District Court.  We will not allow him to raise the issue for the first time on appeal, because it is fundamentally unfair to fault a district court for failing to rule correctly on an issue it never had the opportunity to consider.  *State v. Johnson*, 2005 MT 318, ¶ 13, 329 Mont. 497, ¶ 13, 125 P.3d 1096, ¶ 13.

## CONCLUSION

¶23    We affirm the District Court's determination that Bertelsen has established a prescriptive easement to use Slauson's property for an access and parking lot, and agree with the District Court's pronouncement that the easement is limited to these existing uses.


/S/ W. WILLIAM LEAPHART


We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JIM RICE


Justice Patricia O. Cotter concurs.

¶ 24    I concur in the result reached by the Court, but I disagree with its reasoning in arriving at the outcome.  Although virtually all of the Amerigas encroachments are located within the abandoned roadway, the deed Slauson prepared for Edwards' signature did not encompass this portion of the property.  Opinion, ¶ 6.  This means that Edwards—and not Slauson—still owns the property upon which the encroachments are

8

situated. This being so, Slauson has no legal standing to enforce any property rights against or collect any damages from Bertelsen. I would affirm the District Court's ruling in favor of Bertelsen on this basis, and I would not reach the prescriptive easement question.


/S/ PATRICIA COTTER