No. DA 06-0114

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 345N

TRACI M. WILLIAMS,

      Plaintiff and Respondent,

  v.

ROBERT E. WILLIAMS,

      Defendant and Appellant.

APPEAL FROM:    The District Court of the Twentieth Judicial District,
In and For the County of Hill, Cause No. DV 2005-255,
Honorable C. B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Caryn Miske, Attorney at Law, Frenchtown, Montana

      For Respondent:

      Matthew H. O'Neill, O'Neill Law Office, PLLC, Polson, Montana

Submitted on Briefs:  November 14, 2006

Decided:  December 27, 2006

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Robert Williams appeals from the District Court's Order of Protection (Order), dated January 31, 2006, permanently restraining him from contact with his daughter-in-law, Traci Williams, and members of Traci's family, including Sam Williams (Traci's husband and Robert's son), Domonic and Mackenzie Williams (Traci's and Sam's children), and Robert, Joan and Rae Lajoie (Traci's parents and sister). The District Court issued its Order in response to Robert's appeal from a temporary order of protection issued by the Justice Court on August 19, 2005. Following a trial de novo on Robert's appeal, the District Court incorporated the terms of the temporary restraint into its permanent Order. We affirm.

¶3 Robert cites §§ 40-15-201 and 45-5-206, MCA, in support of his contention that the Order should be vacated. Robert claims Traci failed to establish by substantial credible evidence that Robert posed a threat of immediate physical injury to Traci and her family.

¶4 The decision to make permanent an order of protection is for the district court to determine, and we will not overturn its decision absent an abuse of discretion. *Schiller v. Schiller*, 2002 MT 103, ¶ 24, 309 Mont. 431, ¶ 24, 47 P.3d 816, ¶ 24. The trial transcript in this case is replete with conflicting evidence with regards to alleged events that led to Traci's petition to the courts for protection. However, it is not our role to weigh conflicting evidence or determine the strength of such conflicting testimony. The district court is in a better position to

2

observe the witnesses and judge their credibility than this Court. Therefore, "we will not second guess the district court's determination regarding the strength and weight of conflicting testimony." *Bonnie M. Combs-Demaio Liv. Trust v. Colony*, 2005 MT 71, ¶ 9, 326 Mont. 334, ¶ 9, 109 P.3d 252, ¶ 9 (citations omitted).

¶5      The District Court clearly based its decision on the relative credibility of the witnesses and strength of the evidence presented. Such a determination is well within the trial court's discretion. *Bonnie M. Combs-Demaio Liv. Trust*, ¶ 9. The District Court found Traci's evidence to be more credible, and ruled accordingly, as evidenced by the following:

> The Court: So I have conflicting testimony before me and have to decide who to believe. That's my job.
> . . .
> [Counsel]: That's true, but we do get to a "he said she said" situation unfortunately.
> The Court: That's correct. And I have to decide who to believe. I'm about to do that.
> [Counsel]: Okay.
> The Court: The temporary order of protection issued by the justice court August 19, 2005, is made permanent . . . .

¶6      Robert also contends that improper notice of the District Court proceedings violated his due process rights; however, Robert failed to present this argument in the District Court. In keeping with our jurisprudence, we decline to address issues not properly preserved for appeal. *See Lutes v. Lutes*, 2005 MT 242, ¶ 18, 328 Mont. 490, ¶ 18, 121 P.3d 561, ¶ 18 (citation omitted).

¶7      Finally, Robert complains that the District Court issued no findings of fact or conclusions of law to support its decision. While we do not condone the court's failure to issue an order without supporting findings and conclusions, and caution once again against such a practice, we conclude that the transcript, an excerpt of which is set forth above, adequately explains the basis

3

for the court's decision.  We therefore decline to remand for findings of fact and conclusions of law.

¶8      For the foregoing reasons, we affirm.


                                        /S/ PATRICIA COTTER



We Concur:

/S/ JAMES C. NELSON
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE