No. 05-026

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 29

_____

TERRY L. STEIGER and TAMMY STEIGER,
husband and wife,

        Plaintiffs and Appellants,

   v.

MARY R. BROWN,

        Defendant and Respondent.

_____


APPEAL FROM:    District Court of the Nineteenth Judicial District,
                 In and for the County of Lincoln, Cause No. DV 2004-01,
                 The Honorable Michael C. Prezeau, Presiding Judge.


COUNSEL OF RECORD:

        For Appellants:

                Scott B. Spencer, Attorney at Law, Libby, Montana

        For Respondent:

                J. Tiffin Hall, Attorney at Law, Missoula, Montana

_____

Submitted on Briefs:  January 11, 2006

Decided:  February 7, 2007

Filed:

_____
                              Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Terry L. Steiger and Tammy Steiger (Steigers) appeal the Order of the Nineteenth Judicial District Court, Lincoln County, holding that Mary R. Brown (Brown) had a prescriptive easement to use and maintain portions of a driveway and a garage which encroaches on their property, and denying them attorney fees and certain costs. We affirm.

¶2     We restate and address the issues on appeal as follows:

¶3     1. Did the District Court err by holding that Brown's predecessors in interest had established a prescriptive easement to access and maintain the garage that encroaches onto Steigers' property?

¶4     2. Did the District Court err by not awarding attorney fees and certain costs to Steigers?

BACKGROUND

¶5     The current dispute involves adjacent lots, numbers 11 and 12, of the Herykaha Placer Tracts subdivision in Troy, Montana. In 1958, Brown's stepfather purchased lot 12. At that time there was a garage on lot 12 near the boundary of lot 11. In 1970, Brown acquired an interest in this property that she shared with her stepfather. In the early 1970s, Brown's stepfather tore down the garage near the boundary of lot 11 and replaced it with another in the same location. In 1977, the second garage burned down and Brown's stepfather replaced it by building a third garage on the foundation laid in 1970. Brown inherited her stepfather's interest in 2002 and now owns lot 12.

¶6      In 2000, the City of Troy removed one of the boundary marking pins between lots 11 and 12 while excavating to expand its sewer system.

¶7      Steigers purchased lot 11 in 2001. Prior to purchasing lot 11, they commissioned an appraisal on the property. The appraisal report warned that the Brown's garage on lot 12 might encroach on lot 11. In 2002, at the City of Troy's expense, the Steigers hired Davis Surveying, Inc. (DSI) to survey the boundary between lots 11 and 12. According to the DSI survey, Brown's garage encroached approximately five feet onto Steigers' property.

¶8      After the Steigers told them of the encroachment problem, Brown and her husband hired Kootenai Surveyors, Inc. (KSI) to perform a second survey. According to the KSI survey, the garage did not encroach on Steigers' property. The two surveys differed on the location of the boundary between lots 11 and 12 by twelve and one-half feet. Brown subsequently erected a fence along the KSI survey line.

¶9      On January 7, 2004, the Steigers filed a Complaint against Brown, alleging encroachment and trespass by Brown and requesting a boundary line determination. In her Amended Answer, in which she characterized Steigers' complaint as a petition for declaratory judgment, Brown claimed that she had acquired any land that the garage was on by adverse possession or that she had a prescriptive easement to use the garage and driveway.

¶10     At a bench trial on July 27, 2004, the District Court found that the DSI survey accurately established the boundary line between lots 11 and 12. It also found that the survey marker in the driveway, which was disrupted by the City of Troy's excavation,

3

had put the Steigers' predecessor in interest on notice of the encroachment of the garage and a portion of the driveway. The District Court also found that the fence Brown had erected encroached on the Steigers' land.

¶11 The District Court specifically found as a matter of fact that:

For a period exceeding five years, Browns' predecessors in interest used the disputed strip of land in an open, notorious, exclusive, adverse, continuous and uninterrupted manner for the purposes of maintaining their garage and accessing lot 12.

¶12 Based on this finding of fact the District Court concluded that Brown's predecessors in interest had acquired a prescriptive easement to access and maintain the garage in its current location. However, Brown had no right to erect the fence along the KSI survey line.

¶13 The District Court also held that the Steigers could not recover attorney fees because their suit was not truly a declaratory judgment action. However, the District Court did award Steigers their costs pursuant to § 25-10-101, MCA.

¶14 Steigers also sought to recover $5,716.25 in costs incurred for surveys. Brown objected to the award of any survey costs to Steigers. Brown argued that since DSI completed the survey over a year before Steigers filed suit it was done neither during the course of litigation nor in anticipation of filing suit. Brown also argued that surveying costs were not allowable litigation expenses under § 25-10-201, MCA. The District Court awarded the Steigers only those surveying costs they incurred after the filing of the Complaint, which amounted to $90.

¶15 The Steigers filed a Motion to Amend Judgment, seeking to convert the judgment

4

into a declaratory judgment and thereby recover their attorney fees. The District Court denied the Steigers' motion, noting that this case does not involve the interpretation of a deed, will, written contract, statute, ordinance, franchise, or other writing. This appeal followed.

## STANDARD OF REVIEW

¶16 We affirm the factual findings of a district court sitting without a jury unless those findings are clearly erroneous. M. R. Civ. P. 52(a); *Ray v. Nansel*, 2002 MT 191, ¶ 19, 311 Mont. 135, ¶ 19, 53 P.3d 870, ¶ 19. A district court's findings are clearly erroneous if they are not supported by substantial evidence, if the district court has misapprehended the effect of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed. *Ray*, ¶ 19 (citing *Guthrie v. Hardy*, 2001 MT 122, ¶ 24, 305 Mont. 367, ¶ 24, 28 P.3d 467, ¶ 24). We view the evidence in the light most favorable to the prevailing party when determining whether substantial credible evidence supports the district court's findings. *Ray*, ¶ 19 (citing *Guthrie*, ¶ 24). We review a district court's conclusions of law to determine whether the trial court's interpretation was correct. *Ray*, ¶ 20 (citing *Guthrie*, ¶ 24).

## DISCUSSION

### ISSUE ONE

¶17 Did the District Court err by holding that Brown's predecessors in interest had established a prescriptive easement to access and maintain the garage that encroaches onto Steigers' property?

¶18 The Steigers argue that Brown failed to provide any evidence supporting the claim

5

of a prescriptive easement other than information that the garage and driveway were in their current location for more than five years. The Steigers reason that Brown failed to prove the elements of easement by prescription because the encroachment only became known upon completion of their survey in 2002.

¶19 A party seeking to establish a prescriptive easement must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement for the full statutory period by clear and convincing evidence. *Bonnie M. Combs-DeMaio Liv. Trust v. Colony*, 2005 MT 71, ¶ 13, 326 Mont. 334, ¶ 13, 109 P.3d 252, ¶ 13 (citing *Brimstone Mining, Inc. v. Glaus*, 2003 MT 236, ¶ 21, 317 Mont. 236, ¶ 21, 77 P.3d 175, ¶ 21). In Montana, the statutory period is five years. Section 70-19-401, MCA.

¶20 If a claimant establishes by clear and convincing evidence the elements of open, notorious, exclusive, continuous, and uninterrupted use of an easement, a presumption arises that the use is adverse to the servient estate and the burden then shifts to the owner to show the use was permissive. *Combs-DeMaio*, ¶ 13 (citing *Brimstone Mining*, ¶ 21). Adverse use is exercised under a claim of right--not as a license revocable at the pleasure of the servient estate. *Combs-DeMaio*, ¶ 14 (citing *Public Lands Access Assn. v. Boone & Crockett Club Found.*, 259 Mont. 279, 283, 856 P.2d 525, 527 (1993)). Such a claim must be known to, and acquiesced in, by the owners of the land. *Combs-DeMaio*, ¶ 14 (citing *Lemont Land Corp. v. Rogers*, 269 Mont. 180, 185, 887 P.2d 724, 727 (1994)).

¶21 The open and notorious use element cannot be satisfied when the owner of the property was deceived as to the location of the alleged easement. *Gelderloos v. Duke*, 2004 MT 94, ¶¶ 31-32, 321 Mont. 1, ¶¶ 31-32, 88 P.3d 814, ¶¶ 31-32. Open and

notorious use is a distinct and positive assertion of a right, hostile to the rights of the owner and brought to the attention of the owner. *Combs-DeMaio*, ¶ 14 (citing *Lemont*, 269 Mont. at 183, 887 P.2d at 726-27). However, open and notorious use raises a presumption of actual knowledge of the hostile claim to the owner of the servient estate if it is of such character as to be obvious because the owner could not then be deceived. *Combs-DeMaio*, ¶ 14 (citing *Mildenberger v. Galbraith*, 249 Mont. 161, 167, 815 P.2d 130, 134-35 (1991)).

¶22 The Steigers' argument centers on the assertion that the statutory period could only begin to run after they completed their survey because before that time no one knew about the encroachment of Brown's driveway and garage on their lot. This Court has indeed held that the circumstances of the possession must be sufficient to put a prudent person upon inquiry. *Zavarelli v. Might*, 230 Mont. 288, 292, 749 P.2d 524, 527 (1988).

¶23 The record in this case leaves no doubt that the driveway and garage were in their current location since 1958. The continuous and open use of the garage and driveway since that time is not contested. The record establishes that there was a pin, which marked the boundary between lots 11 and 12, before the City of Troy removed it. Mr. Steiger acknowledged that he immediately became aware of the encroachment from the appraisal he received when he purchased the property. He admitted that the previous owners of the property must also have known of the encroachment. The Steigers presented no evidence that either they or their predecessors in interest were ever deceived regarding the existence of the encroachment. We conclude that substantial evidence in the record supports the District Court's finding that Steiger's predecessors in title knew

7

of the encroachment.

¶24    The District Court did not err in holding that Brown established a prescriptive easement.

## ISSUE TWO

¶25    Did the District Court err by not awarding attorney fees and certain costs to Steigers?

¶26    Steigers argue that the present case was one for declaratory judgment, therefore they are entitled to both attorney fees and full survey costs pursuant to §§ 27-8-311 and 313, MCA, of Montana's version of the Uniform Declaratory Judgments Act.  In support of this argument, they cite *American Jurisprudence* to the effect that a declaratory judgment action is an appropriate means to determine boundary line disputes.[1]  However, in their complaint Steigers alleged trespass and prayed for an order that removed the garage in question and awarded damages.  It was Brown who alleged in her amended answer that this action was for a declaratory judgment.

¶27    Declaratory judgments are provided for in § 27-8-202, MCA, which states:

> Any person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

¶28    The present case involves the determination of a boundary line, premised not upon the interpretation or construction of respective deeds but upon competing surveys.  Since

---

[1] Steigers cite to 22 Am. Jur. 2d *Declaratory Judgments* § 178.  However, the language to which they refer appears in 22A Am. Jur. 2d *Declaratory Judgments* § 154 (2003).

8

the controversy in this case did not involve the construction of a deed or another instrument, statute, ordinance, contract or franchise, it is not a declaratory judgment action.

¶29 In Montana, litigants generally are not entitled to an award of attorney fees absent a specific contractual or statutory provision. *Big Spring v. Jore*, 2005 MT 64, ¶ 37, 326 Mont. 256, ¶ 37, 109 P.3d 219, ¶ 37. As this case is not a declaratory judgment action and the Steigers have provided no other basis for the award of attorney fees, we conclude the District Court properly denied the Steigers attorney fees.

¶30 The Steigers also argue that as the party prevailing on the main issue, they should have been awarded their full survey costs and the surveyor's court appearance costs. They assert that the District Court erred in relying on § 25-10-201, MCA, in assessing costs and that they should be allowed their equitable costs pursuant to § 27-8-311, MCA. However, as stated above, § 27-8-311, MCA, is part of the Uniform Declaratory Judgments Act, and only applies to declaratory judgment actions. With no other justification or statutory support for the award of the costs claimed on appeal, we decline to disturb the District Court's award of costs.

¶31 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON