FILED

October 22 2007

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 06-0814

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 275N

VINCENT BRUMMER,

      Plaintiff and Appellee,

  v.

CHRISTINA STAHL, a/k/a CRISCO STAHL,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twentieth Judicial District,
In and For the County of Lake, Cause No. DV 05-48
Honorable C.B. McNeil, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Michael Sol, Sol & Wolfe Law Firm, Missoula, Montana

      For Appellee:

      Keith W. McCurdy, McCurdy Law Firm, Polson, Montana

Submitted on Briefs:  October 10, 2007

Decided:  October 22, 2007

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1     Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Christina (Criso) Stahl appeals from a judgment of the Twentieth Judicial District, Lake County, dividing assets between Stahl and Vincent Brummer.  We affirm.

¶3     Stahl and Brummer had a domestic relationship lasting from 1987 until 2004, but never married.   During that time, they kept most of their assets separate, with a few exceptions.  They purchased a 1990 Nashua mobile home and 40 acres of real property on which they built various improvements, and both contributed payments to a Lincoln Continental automobile.  On February 25, 2005, Brummer filed a complaint requesting a division of these properties, as well as raising issues about the ownership of personal property.

¶4     On September 22, 2006, the District Court held a bench trial.  At trial, the parties stipulated that the division of assets should be based on Stahl's and Brummer's respective contributions to acquiring the property.  They also stipulated that Stahl had no interest in Brummer's carpentry business and that he had no interest in her retirement accounts.  Thus, the only properties at issue during the trial were the Nashua mobile home, 40 acres of real property, a Lincoln Continental car, and personal property, including oak chairs, guns and artwork.

¶5     During the trial, both parties presented extensive and conflicting evidence about their contributions to the properties. On November 1, 2006, the District Court entered its judgment, awarding Stahl the Nashua mobile home and the Lincoln Continental and awarding the real property and majority of the personal property to Brummer. Stahl appeals, claiming the District Court improperly divided the assets, and the assets should have been divided as partnership assets.

¶6     We review a district court's findings of fact to determine whether they are clearly erroneous and we review conclusions of law to determine if they are correct. *Wareing v. Schreckendgust*, 280 Mont. 196, 202-03, 930 P.2d 37, 41 (1996). Factual findings are clearly erroneous if they are not supported by substantial credible evidence, which is "evidence that a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Johnston v. Palmer*, 2007 MT 99, ¶ 26, 337 Mont. 101, ¶ 26, 158 P.3d 998, ¶ 26 (citation and quotation omitted).

¶7     Stahl argues that the District Court erred because it did not follow the procedure for dividing partnership assets. We disagree. First, she did not argue at the District Court that she and Brummer were engaged in a partnership, and we will not address an argument for the first time on appeal. *In re Marriage of Schnell*, 273 Mont. 466, 472, 905 P.2d 144, 148 (1995). Further, her counsel stipulated at trial that the division of assets should be based on the parties' respective contributions to the properties.

¶8     Stahl also argues that the judge ignored evidence she introduced at trial about her contributions and argues that the judge treated the parties differently in evaluating their

contributions. Upon review of the record, we conclude that the District Court did not commit clear error in its division of the parties' assets. The record shows that there were numerous disparities regarding each party's payments and contributions, and the District Court considered the weight and credibility of the evidence presented. We will not second guess a District Court's determinations of which evidence to accept in light of conflicting testimony. *Bonnie M. Combs-DeMaio Living Trust v. Kilby Butte Colony, Inc.*, 2005 MT 71, ¶ 9, 326 Mont. 334, ¶ 9, 109 P.3d 252, ¶ 9. Substantial credible evidence supports the judgment entered by the District Court.

¶9     Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS