FILED

08/26/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0716

DA 24-0716

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 192N

LAURYN N. JACKSON,

       Petitioner and Appellee,

  v.

JAMARV D. JACKSON,

       Respondent and Appellant.

APPEAL FROM:   District Court of the Twelfth Judicial District,
                 In and For the County of Chouteau, Cause No. DR-2024-0067
                 Honorable Kaydee Snipes Ruiz, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jamarv D. Jackson, Self-Represented, Fort Benton, Montana

      For Appellee:

          Lauryn N. Jackson, Self-Represented, Great Falls, Montana

Submitted on Briefs:  June 18, 2025

Decided:  August 26, 2025

Filed:

                          _____
                                 Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Respondent and Appellant, Jamarv Jackson, appeals from the November 12, 2024 Order of Protection for Petitioner and Order of Protection for Minors through November 12, 2025, issued by the Twelfth Judicial District Court, Chouteau County. We affirm.

¶3      Petitioner and Appellee, Lauryn Jackson, filed a petition seeking a temporary and permanent order of protection for herself and the parties' three children—S.J. (then age 16), S.J. (then age 11), and C.J. (then age 6).  Hearing was held on the petition on November 12, 2024.  Lauryn was present, represented herself pro se, and testified.  Jamarv also appeared and was represented by legal counsel.  Upon conclusion of the hearing, the District Court issued its order of November 12, 2024, granting an order of protection for Lauryn and the parties' three minor children extending through November 12, 2025.

¶4      Now representing himself pro se, Jamarv appeals asserting there was insufficient evidence to support the issuance of an order of protection and that the presiding district court judge should have recused herself from the cause. The entirety of Jamarv's argument from his briefing is:

[Jamarv] appeals the decision of the lower court due to no evidence of any kind to prove the statements made by [Lauryn] under oath. The judge in the case does have a familial relationship with an Attorney which was handling a case for [Jamarv] during the time of this court hearing.

¶5 This Court will not overturn a district court's decision to make permanent an order of protection absent an abuse of discretion. *Schiller v. Schiller*, 2002 MT 103, ¶ 24, 309 Mont. 431, 47 P.3d 816. We do not determine whether we would have reached the same decision as the district court, but whether the trial judge acted arbitrarily without conscientious judgment or exceeded the bounds of reason. *Newman v. Lichfield*, 2012 MT 47, ¶ 22, 364 Mont. 243, 272 P.3d 625.

¶6 At the hearing on Lauryn's petition, she testified regarding an event occurring in May 2024 resulting in Jamarv being charged with two criminal counts of assault, which in her briefing advises he was convicted of and faced sentencing scheduled for July 28, 2025. She also testified she observed Jamarv physically strike one of their children while they were in a vehicle together; that there were prior multiple restraining orders against Jamarv; there was a pattern of abuse by Jamarv; and that their children were previously placed in foster care as a result of Jamarv physically assaulting them. She also testified to observing Jamarv drive by her home after issuance of the temporary restraining order. To the extent there was conflicting evidence presented at the November 12, 2024 hearing, it is not our role to weigh conflicting evidence or determine the strength of such conflicting testimony. The District Court is in a better position to observe the witnesses and judge their credibility than this Court. Therefore, "we will not second guess the district court's determination regarding the strength and weight of conflicting testimony." *Bonnie M. Combs-Demaio*

3

*Living Tr. v. Kilby Butte Colony, Inc.*, 2005 MT 71, ¶ 9, 326 Mont. 334, 109 P.3d 252 (internal quotation marks and citation omitted); *see also In re Marriage of Kesler*, 2018 MT 231, ¶ 17, 392 Mont. 540, 427 P.3d 77. The District Court clearly based its decision on the relative credibility of the witnesses and strength of the evidence presented. Such a determination is well within the trial court's discretion. *In re Marriage of Kesler*, ¶ 17; *Bonnie M. Combs-Demaio Living Tr.*, ¶ 9. The District Court found Lauryn's evidence to be more credible and ruled accordingly.[1]

¶7     Jamarv also contends that the District Court Judge should have recused herself as an attorney who is a partner at the same firm as her brother, a Montana attorney, previously represented him in an unrelated cause. Upon review of the record, it is completely devoid of any objection to Judge Snipes Ruiz presiding over the cause at issue, nor is there any information or evidence that Judge Snipes Ruiz knew anything about a colleague of her brother previously representing Jamarv, if such occurred, or that she possessed any information related to that representation at all. As such, there was no basis for Judge Snipes Ruiz to recuse herself under the Rules of Professional Conduct.

¶8     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

---

[1] Jamarv does not seem to understand that the testimony of Lauryn is evidence which the trial court could determine to be reliable and credible and there need not be documentary evidence confirming Lauryn's oral testimony.

¶9      Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ KATHERINE M BIDEGARAY
/S/ JIM RICE